B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Saiid Afari and Soraya Afari<br>15515 Collina Strada<br>Los Angeles, CA 90077 | DEFENDANTS<br>Sinai Arsalan Lahijani<br>615 N. Doheny Drive<br>Beverly Hills, CA 90210 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Michael Jay Berger/Law Offices of Michael Jay Berger<br>9454 Wilshire Blvd., 6th Floor, Beverly Hills, CA 90212 | ATTORNEYS (If Known)<br>Giovanni Orantes<br>3435 Wilshire Blvd., Suite 2920<br>Los Angeles, CA 90010 |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor        ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
ADVERSARY COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT UNDER SECTION §523(a)(6) FOR WILLFUL AND MALICIOUS INJURY [§523(a)(6)]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 500,000.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Sinai Arsalan Lahijani | BANKRUPTCY CASE NO.<br>2:23-bk-11063-ER | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Ernest M. Robles |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>5/26/23 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael Jay Berger | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: michael.berger@bankruptcypower.com

Attorney for Creditor-Plaintiffs,
Saiid and Soraya Afari

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:23-bk-11063-ER |
| SINAI ARSALAN LAHIJANI, | Adv. No.: |
| Debtor. | Chapter 7 |
| SAIID AFARI AND SORAYA AFARI, a individuals, | **ADVERSARY COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT UNDER SECTION 523(a)(6) FOR WILLFUL AND MALICIOUS INJURY [§523(a)(6)]** |
| Plaintiffs, | |
| v. | |
| SINAI ARSALAN LAHIJANI, an individual, | |
| Defendant. | |

Plaintiffs SAIID AFARI ("Mr. Afari" or "Saiid") and SORAYA AFARI ("Mrs. Afari" or "Soraya") (collectively the "Plaintiffs" herein), hereby allege as follows:

## I. JURISDICTION

1.     This Court has jurisdiction over the instant Adversary Proceeding Pursuant to 28 U.S.C. §§157(a) and 1334, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2.     This adversary proceeding is a core proceeding as defined under 28 U.S.C. § 157(b)(2)(A).

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1409(a) because Defendant's bankruptcy case is pending in the Central District of California.

4.      Pursuant to the deadlines imposed by this Court, Plaintiffs have until June 2, 2023 to file their complaint to determine the non-dischargeability claims under 11 U.S.C. § 523.

## II. THE PARTIES

5.      Plaintiffs are, and at all times mentioned herein, individuals residing in the County of Los Angeles, State of California.

6.      Plaintiffs are informed and believe, and thereon allege, that Defendant SINAI ARSALAN LAHIJANI ("Sinai" or "Defendant") is, and at all times mentioned herein, was a resident of the County of Los Angeles, State of California.

## III.  STATEMENT OF FACTS

7.      On or about January 26, 2021, Mr. Afari was accompanying his daughter, Carolyn Afari ("Plaintiffs' daughter") to the garage of her condominium building located at 1277 S. Beverly Glen Boulevard, Apt. 301, Los Angeles, California 90024, to pick up her children at an exchange with her husband, Sinai. Plaintiffs' daughter and Sinai separated in January 2021.

8.      At this exchange, Mr. Afari planned to serve Sinai with Plaintiffs' daughter's divorce petition and two notices of consumer for American Express and Bank of America. Mr. Afari offered to serve the petition and consumer notices after learning that Sinai was evading service.

9.      Sinai arrived with his brother Daniel Lahijani ("Daniel") and Plaintiffs' minor grandchildren (collectively "Plaintiffs' grandchildren").

10.     Mr. Afari approached Sinai and attempted to serve the documents, however, Sinai would not take the documents. Mr. Afari then walked towards the driver side door of Sinai's vehicle and tossed the papers into Sinai's vehicle.

ADVERSARY COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT UNDER
SECTION 523(a)(6) FOR WILLFUL AND MALICIOUS INJURY [§523(a)(6)]

11.     Sinai approached Mr. Afari in an aggressive manner and started yelling at Mr. Afari. Sinai then walked to his vehicle, took the served papers out of the vehicle and walked back towards Mr. Afari in an aggressive manner.

12.     At the same time, Daniel approached Mr. Afari in an aggressive manner and pushed Mr. Afari around, bringing Mr. Afari to the passenger side of Sinai's vehicle. Daniel then pushed Mr. Afari into a box containing a fire extinguisher which was hanging on the wall. The force of Mr. Afari's body hitting the fire extinguisher was so severe that the fire extinguisher box fell from the wall to the ground and resulted in a tear in Mr. Afari's jacket.

13.     Sinai and Daniel then boxed Mr. Afari into a doorway. At that time, Sinai opened the door. Both Defendants then put their hands on Mr. Afari and began pushing and shoving Mr. Afari. Sinai then threw Mr. Afari to the ground. The right side of Mr. Afari's body slammed into the door jam. Plaintiffs' daughter and grandchildren were on the other side of the doorway and could see and hear what was occurring.

14.     Sinai then proceeded to intentionally strike Mr. Afari in his head and his body while Mr. Afari was on the ground. Sinai then released the heavy door and allowed it to slam on Mr. Afari as Sinai and Daniel walked away.

15.     Plaintiffs' daughter then ran over to Mr. Afari. Mr. Afari was so dizzy and disoriented while trying to get up that his head hit the door twice during his attempts to stand. When Mr. Afari finally got himself up, he tried to stop Sinai and Daniel from leaving but the Defendants sped out of the garage before Mr. Afari could stop them.

16.     Plaintiffs' daughter immediately called the paramedics and filed a report with the police.

17.     As a result of Defendant's intentional, willful and malicious conduct, the Plaintiffs suffered physical injuries, emotional distress, economic damages, special and general damages, loss of consortium, and attorneys fees, in an amount to be determined by a jury.

18.     Defendant had a subjective motive to inflict the injury when Defendant was intentionally striking Mr. Afari on the head and body, pushing, hitting and shoving Mr. Afari, pushing Mr. Afari to the ground, and causing bodily injury to him.

19.     Defendant believed that injury was substantially certain to occur as a result of his conduct when he was intentionally striking Plaintiff on the head and body, pushing, hitting and shoving Plaintiff, pushing Plaintiff to the ground, causing bodily injury to Plaintiff, a 68 year old man.

20.     Defendant had actual knowledge that harm to the Plaintiff was substantially certain when he was intentionally striking Plaintiff on the head and body, pushing, hitting and shoving Plaintiff, pushing Plaintiff to the ground, causing bodily injury to Plaintiff, a 68 year old man.

21.     When Defendant was intentionally striking Plaintiff on the head and body, pushing, hitting and shoving Plaintiff, pushing Plaintiff to the ground, causing bodily injury to Plaintiff, Defendant had subjective intent to cause harm to the Plaintiff.

22.     When Defendant was intentionally striking Plaintiff on the head and body, pushing, hitting and shoving Plaintiff, pushing Plaintiff to the ground, causing bodily injury to Plaintiff, Defendant had subjective knowledge that harm was substantially certain to result from his actions.

23.     On May 26, 2021, Plaintiffs filed a First Amended Complaint against Defendant and his brother Daniel entitled *Saiid Afari and Soraya Afari v. Sinai Arsalan Lahijani and Daniel Lahijani*, Los Angeles Superior Court ("State Court") Case No.: 21STCV17452 (the "State Court Action").

24.     The causes of action against the Defendant in the State Court Action include: (1) Negligence; (2) Assault; (3) Battery; (4) Intentional Infliction of Emotional Distress; (5) Negligent Infliction of Emotional Distress; (6) Elder Abuse; and (7) Loss of Consortium.

25.     On September 17, 2021, Defendant filed an Answer to the Plaintiffs' First

4
ADVERSARY COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT UNDER
SECTION 523(a)(6) FOR WILLFUL AND MALICIOUS INJURY [§523(a)(6)]

1  Amended Complaint.

2  26.    A true and correct copy of the First Amended Complaint, Answer and Docket

3  in the State Court Action is attached hereto as **Exhibit "1."**

4  27.    Trial was scheduled to begin in the State Court Action on February 28, 2023.

5  Debtor filed the instant Chapter 7 case one day earlier on February 27, 2023.

6  28.    On March 31, 2023, Plaintiffs filed a Motion for Relief Non-Bankruptcy

7  Forum (BK docket no.: 23) seeking relief from the automatic stay to liquidate their claim

8  against the Defendant in the State Court. Over the Opposition of the Defendant (BK docket

9  no.: 27), this Court entered an Order Granting the Plaintiffs' Motion for Relief Non-

10 Bankruptcy Forum (BK docket no.: 33).

11 29.    Plaintiffs allege, to the extent the Defendant engaged in willful and malicious

12 conduct against the Plaintiffs', that debt is non-dischargeable pursuant to 11 U.S.C. §

13 523(a)(6).

## IV.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Nondischargeability for Willful and Malicious Injury by Defendant to Another under § 523(a)(6))

30.    Plaintiffs re-allege and incorporate herein by reference each and every

allegation contained in paragraphs 8 through 29 inclusive, as though set forth in full herein.

31.    A debt is nondischargeable if it is a debt "for willful and malicious injury by

the Defendant to another entity or to the property of another entity."  11 U.S.C. § 523 (a)(6).

32.    The "willful injury requirement is met when the defendant has a subjective

motive to inflict injury or when the debtor believes that injury is substantially certain to

result from his own conduct." *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002).

"A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which

ADVERSARY COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT UNDER
SECTION 523(a)(6) FOR WILLFUL AND MALICIOUS INJURY [§523(a)(6)]

necessarily causes injury, and (4) is done without just cause or excuse.'" Id. at 1146-47 (quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001)).

33.     Once Section 523(a)(6) nondischargeability is established, all damages that flow from the underlying claims are non-dischargeable, which include attorneys fees and elder abuse claims. See *Smart v. Baroff (In re Baroff)*, 105 F. 3d 439, 443 (9th Cir. 1997)

34.     Defendant's conduct was malicious and caused an injury, as:

   a.    Defendant engaged in a wrongful act;

   b.    Defendant's conduct was done intentionally;

   c.    Defendant's conduct towards Plaintiff necessarily caused injury to the Plaintiff; and

   d.    Defendant's conduct towards Plaintiff was done without just cause or excuse.

35.     On the night of January 26, 2021, upon violently attacking Mr. Afari, Defendant had a subjective motive to inflict injury or believed that injury was substantially certain to result from Defendant's own conduct.

36.     As a result of Defendant's intentional, willful and malicious conduct, the Plaintiffs suffered physical injuries, emotional distress, economic damages, special and general damages, loss of consortium, and attorneys fees, in an amount to be determined by a jury.

37.     Defendant had a subjective motive to inflict the injury when Defendant was intentionally striking Plaintiff on the head and body, pushing, hitting and shoving Plaintiff, pushing Plaintiff to the ground, causing bodily injury to Plaintiff.

38.     Defendant believed that injury was substantially certain to occur as a result of his conduct when he was intentionally striking Plaintiff on the head and body, pushing, hitting and shoving Plaintiff, pushing Plaintiff to the ground, causing bodily injury to Plaintiff, a 68 year old man.

39.     Defendant had actual knowledge that harm to the Plaintiff was substantially certain when he was intentionally striking Plaintiff on the head and body, pushing, hitting and shoving Plaintiff, pushing Plaintiff to the ground, causing bodily injury to Plaintiff, a 68 year old man.

40.     When Defendant was intentionally striking Plaintiff on the head and body, pushing, hitting and shoving Plaintiff, pushing Plaintiff to the ground, causing bodily injury to Plaintiff, Defendant had subjective intent to cause harm to the Plaintiff.

41.     When Defendant was intentionally striking Plaintiff on the head and body, pushing, hitting and shoving Plaintiff, pushing Plaintiff to the ground, causing bodily injury to Plaintiff, Defendant had subjective knowledge that harm was substantially certain to result from his actions.

42.     Defendant's intentional conduct against the Plaintiffs, which constituted assault, battery, intentional infliction of emotional distress, elder abuse that flows from the intentional torts, and loss of consortium that flows from the intentional torts, was willful and malicious in that it was intended and calculated to result in Plaintiffs' physical injuries and harm, emotional distress, economic damages, special and general damages, loss of consortium, and attorney's fees.

43.     The facts as alleged in paragraphs 8 through 30 herein constitute grounds that the damages to be determined by the State Court owed by Defendant to Plaintiffs were incurred as a result of Defendant's willful and malicious injury to the Plaintiff, making the debt non-dischargeable pursuant to 11 U.S.C. § 523 (a)(6).

## V.  DAMAGES

44.     The total estimated damages requested by the Plaintiffs against the Defendant, which will be determined by a jury trial in the State Court, are in excess of $500,000.00.

///

///

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

(a)  For economic and non-economic damages in the amount of at least
$500,000.00 to be determined by the State Court, plus other losses and
damages according to proof;

(b)  For attorneys' fees as allowed by law;

(c)  For all costs incurred herein;

(d)  For a determination that all of Plaintiffs' damages as set forth hereinabove are
nondischargeable under 11 U.S.C. § 523(a)(6); and

(e)  For such other and further relief that this Court deems just and appropriate.

DATED: May 26, 2023                    **LAW OFFICES OF MICHAEL JAY BERGER**

By: _____
Michael Jay Berger
Attorney for Creditors-Plaintiffs,
Saiid and Soraya Afari

8
ADVERSARY COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT UNDER
SECTION 523(a)(6) FOR WILLFUL AND MALICIOUS INJURY [§523(a)(6)]

EXHIBIT 1

1   IVETTA AVANESOV (State Bar No. 297510)
    VICITI LAW
2   9701 Wilshire Boulevard, Suite 1000
    Beverly Hills, California 90212
3   Telephone: (310) 740-9469
    Facsimile:  (310) 388-1315
4   Email: ivetta@vicitilaw.com

5   Attorneys for Plaintiffs
    SAIID AFARI and SORAYA AFARI

6

7

**FILED**
Superior Court of California
County of Los Angeles

05/26/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____M. Guzman_____ Deputy

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF LOS ANGELES**

10                    **SPRING STREET COURTHOUSE**

11

12   SAIID AFARI, an individual, SORAYA          Case No. 21STCV17452
     AFARI, an individual,
13                                               **FIRST AMENDED COMPLAINT FOR:**
                        Plaintiff,
14                                               **(1)    NEGLIGENCE;**
                 vs.
15                                               **(2)    ASSAULT;**
     SINAI ARSALAN LAHIJANI, an
16   individual; DANIEL LAHIJANI, an            **(3)    BATTERY;**
     individual; and DOES 1 through 30,
17   inclusive,                                  **(4)    INTENTIONAL INFLICTION
                                                        OF EMOTIONAL DISTRESS;**
18                      Defendants.
                                                 **(5)    NEGLIGENT INFLICTION OF
19                                                      EMOTIONAL DISTRESS;**

20                                               **(6)    ELDER ABUSE;**

21                                               **(7)    LOSS OF CONSORTIUM**

22                                               **DEMAND FOR JURY TRIAL**

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

FIRST AMENDED COMPLAINT

Electronically Received 05/26/2021 04:17 PM

COME NOW, Plaintiffs, SAIID AFARI and SORAYA AFARI, and allege as follows:

**GENERAL ALLEGATIONS**

1.     Plaintiffs Saiid Afari ("Mr. Afari") and Plaintiff Soraya Afari ("Mrs. Afari") (collectively "Plaintiffs") at all times herein mentioned were, and are, residents in the County of Los Angeles, State of California.

2.     Plaintiffs are informed and believe, and on that basis allege, that Defendant Sinai Arsalan Lahijani ("Sinai") is, and at all times mentioned herein was, an individual maintaining a primary residence in the City of Beverly Hills, County of Los Angeles, State of California.

3.     Plaintiffs are informed and believe, and on that basis allege, that Defendant Daniel Lahijani ("Daniel") is, and at all times mentioned herein was, an individual maintaining a primary residence in the City of Los Angeles, County of Los Angeles, State of California.

4.     As a result of the below-described personal contact between the parties in the County of Los Angeles, State of California, jurisdiction is proper in the above-captioned court.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 30, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believes and therefore alleges that each of the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably thereby to Plaintiffs as hereinafter alleged. Plaintiffs ask leave of the Court to amend this Complaint when the true names and capacities have been ascertained.

6.     That at all times herein mentioned, each and every defendants herein were the agents, servants, employees, partners or joint venturers of the other defendants herein; that at all said times, each of said defendants was acting within the course and scope of said agency, service, employment, partnership and joint venture.

FIRST AMENDED COMPLAINT

7.    On or about January 26, 2021, Mr. Afari was accompanying his daughter, Carolyn Afari ("Plaintiffs' daughter") to the garage of her condominium building located at 1277 S. Beverly Glen Boulevard, Apt. 301, Los Angeles, California 90024, to pick up her children at an exchange with her husband, Sinai.  Plaintiffs' daughter and Sinai separated in January 2021.

8.    At this exchange, Mr. Afari planned to serve Sinai with Plaintiffs' daughter's divorce petition and two notices of consumer for American Express and Bank of America.  Mr. Afari offered to serve the petition and consumer notices after learning that Sinai was evading service.

9.    Sinai arrived with Daniel and Plaintiffs' grandchildren, ███████████
███████████████████████████ (collectively "Plaintiffs' grandchildren").

10.   Mr. Afari approached Sinai and attempted to serve the documents, however, Sinai would not take the documents.  Mr. Afari then walked towards the driver side door of Sinai's vehicle and tossed the papers in Sinai's vehicle.

11.   Sinai approached Mr. Afari in an aggressive manner and started yelling at Mr. Afari.  Sinai then walked to his vehicle, took the served papers out of the vehicle and walked back towards Mr. Afari in an aggressive manner.

12.   At the same time, Daniel approached Mr. Afari in an aggressive manner and pushed Mr. Afari around, bringing Mr. Afari to the passenger side of Sinai's vehicle.  Daniel then pushed Mr. Afari into a box containing a fire extinguisher which was hanging on the wall.  The force of Mr. Afari's body hitting the fire extinguisher was so severe that the fire extinguisher box fell from the wall to the ground and resulted in a tear in Mr. Afari's jacket.

13.   Sinai and Daniel (collectively "Defendants") then boxed Mr. Afari into a doorway.  At that time, Sinai opened the door.  Both Defendants then put their hands on Mr. Afari and began pushing and shoving Mr. Afari.  Sinai then threw Mr. Afari to the ground.  The right side of Mr. Afari's body slammed into the door jam.  Plaintiffs' daughter and grandchildren were on the other side of the doorway and could see and hear what was occurring.

FIRST AMENDED COMPLAINT

1     14.    Sinai then proceeded to strike Mr. Afari in his head and his body while Mr. Afari

2    was on the ground.  Sinai then released the heavy door and allowed it to slam on Mr. Afari as

3    Sinai and Daniel walked away.

4     15.    Plaintiffs' daughter then ran over to Mr. Afari.  Mr. Afari was so dizzy and

5    disoriented while trying to get up that his head hit the door twice during his attempts to stand.

6    When Mr. Afari finally got himself up, he tried to stop Sinai and Daniel from leaving but the

7    Defendants sped out of the garage before Mr. Afari could stop them.

8     16.    Plaintiffs' daughter immediately called the paramedics and filed a report with

9    the police.  During the time that the paramedics were evaluating Mr. Afari and the police were

10    preparing a report, one of Plaintiffs' grandchildren asked Plaintiffs' daughter, "Why did Daddy

11    hit Papa? Why did Daddy push Papa to the floor?"

12

13               **FIRST CAUSE OF ACTION**

14                   ***Negligence***

15              (Against All Defendants)

16     17.    Plaintiffs incorporate by reference each and every allegation of the Complaint as

17    though set forth in this cause of action.

18     18.    Defendants owed Mr. Afari a duty to act with reasonable and due care.

19     19.    Defendants breached their duty to Mr. Afari by conducting themselves

20    negligently and/or recklessly during the exchange of Plaintiffs' children and upon receiving the

21    documents.

22     20.    Defendants' negligent and/or reckless conduct caused Mr. Afari to suffer serious

23    harm and damages.

24     21.    Defendants' conduct was a substantial factor in causing Mr. Afari's harm.

25     22.    As a proximate result of Defendants' negligence, Mr. Afari has suffered special

26    and general damages in amounts to be determined at trial, but in excess of the jurisdictional

27    limits of this Court.

28

23.    Mr. Afari is informed and believes and based thereon alleges that, in performing the acts alleged herein, Defendants acted with oppression, fraud and malice, or, alternatively, Defendants acted in such conscious disregard of Mr. Afari's rights and safety, Mr. Afari is entitled to punitive damages to punish Defendants and to deter such conduct in the future, in an amount to be determined at trial.

WHEREFORE, Mr. Afari demands justice as hereafter set forth.

## SECOND CAUSE OF ACTION

### *Assault*

(Against All Defendants)

24.    Plaintiffs incorporate by reference each and every allegation of the Complaint as though set forth in this cause of action.

25.    Defendants acted, intending to cause harmful or offensive contact against Mr. Afari.

26.    Mr. Afari reasonably believed that he was about to be touched in a harmful or offensive manner.

27.    Mr. Afari did not consent to Defendants' conduct.

28.    Mr. Afari was harmed as a result of Defendants' conduct.

29.    Defendants' conduct was a substantial factor in causing Mr. Afari's harm.

30.    The acts and/or omissions of Defendants, and each of them, caused Mr. Afari to suffer harm and economic damages, for the cost of medical treatment, and Mr. Afari is informed and believes that he may incur damages in the future for the cost of future care, in amounts according to proof at trial.

31.    In committing the acts and/or omissions alleged, Defendants, and each of them, have been guilty of malice, fraud, or oppression and, therefore, Mr. Afari seeks an award of punitive damages against Defendants, and each of them, according to proof at trial.

32.    The damages caused by Defendants are well in excess of the minimum jurisdictional amount of this Court and will be demonstrated according to proof.

FIRST AMENDED COMPLAINT

1       WHEREFORE, Mr. Afari demands justice as hereafter set forth.

2

3                     **THIRD CAUSE OF ACTION**

4                         *Battery*

5                  (Against All Defendants)

6       33.    Plaintiffs incorporate by reference each and every allegation of the Complaint as

7 though set forth in this cause of action.

8       34.    At all relevant times, Mr. Afari was an elderly male attempting to serve Sinai

9 with divorce petition papers.

10      35.    Immediately upon Sinai being served with the divorce petition papers,

11 Defendants, and each of them, touched, grabbed and pushed Mr. Afari with the intent to harm

12 him as outlined above.

13      36.    Mr. Afari did not consent to the touching, grabbing, and pushing.

14      37.    Mr. Afari was harmed by Defendants' conduct.

15      38.    The acts and/or omissions of Defendants, and each of them, caused Mr. Afari to

16 suffer harm and economic damages, for the cost of medical treatment, and Mr. Afari is

17 informed and believes that he may incur damages in the future for the cost of future care, in

18 amounts according to proof at trial.

19      39.    In committing the acts and/or omissions alleged, Defendants, and each of them,

20 have been guilty of malice, fraud, or oppression and, therefore, Mr. Afari seeks an award of

21 punitive damages against Defendants, and each of them, according to proof at trial.

22      40.    The damages caused by Defendants are well in excess of the minimum

23 jurisdictional amount of this Court and will be demonstrated according to proof.

24       WHEREFORE, Mr. Afari demands justice as hereafter set forth.

25

26

27

28

1    **FOURTH CAUSE OF ACTION**

2    ***Intentional Infliction of Emotional Distress***

3    (Against All Defendants)

4    41.    Plaintiffs incorporate by reference each and every allegation of the Complaint as

5    though set forth in this cause of action.

6    42.    Defendants owed a duty to Mr. Afari to act as reasonable, prudent person.  This

7    duty includes an obligation to act in a careful, lawful, and prudent manner and in full

8    compliance with the law.

9    43.    Defendants' conduct towards Mr. Afari resulted in a breach of Defendants'

10    duties to act as reasonable, prudent persons.

11    44.    Emotional distress was a field of danger that Defendants should reasonably have

12    anticipated.

13    45.    As a result of Defendants' breach of their duties, Mr. Afari suffered legally

14    compensable emotional distress damages.

15    WHEREFORE, Mr. Afari demands justice as hereafter set forth.

16

17    **FIFTH CAUSE OF ACTION**

18    ***Negligent Infliction of Emotional Distress***

19    (Against All Defendants)

20    46.    Plaintiffs incorporate by reference each and every allegation of the Complaint as

21    though set forth in this cause of action.

22    47.    Defendants' conduct caused Mr. Afari to suffer severe emotional distress.

23    48.    Defendants' conduct was outrageous because it goes beyond all possible bounds

24    of decency.  Defendants' conduct was outrageous because a reasonable person would regard the

25    conduct as intolerable in a civilized community.

26    49.    Defendants are younger male adults of good physical health.  Mr. Afari is an

27    elderly male who is, by default, weaker than each Defendant individually, and even more weak

28    against the Defendants together.  Defendants knew that physically grabbing, pushing, slamming

-6-

FIRST AMENDED COMPLAINT

1 | an elderly man against the wall and knocking an elderly man down on the ground would likely

2 | result in mental distress.

3 |     50.    Defendants intended to cause Mr. Afari's emotional distress, or Defendants acted

4 | with reckless disregard of the probability that Mr. Afari would suffer severe emotional distress,

5 | knowing that Plaintiff, his daughter, and his grandkids were present when the conduct occurred.

6 |     51.    Defendants knew that emotional distress would probably result from

7 | Defendants' conduct or Defendants gave little or no thought to the probable effects of his

8 | conduct.

9 |     52.    Mr. Afari suffered severe emotional distress including suffering, anguish, fright,

10 | horror, nervousness, grief, anxiety, worry, shock, humiliation and shame.

11 |     53.    Defendants' conduct was a substantial factor in causing Mr. Afari's severe

12 | emotional distress.

13 |     54.    In committing the acts and/or omissions alleged, Defendants, and each of them,

14 | have been guilty of malice, fraud, or oppression and, therefore, Mr. Afari seeks an award of

15 | punitive damages against Defendants, and each of them, according to proof at trial.

16 |     55.    The damages caused by Defendants are well in excess of the minimum

17 | jurisdictional amount of this Court and will be demonstrated according to proof.

18 |     WHEREFORE, Mr. Afari demands justice as hereafter set forth.

19 |

20 | **SIXTH CAUSE OF ACTION**

21 | ***Elder Abuse***

22 | (Against All Defendants)

23 |     56.    Plaintiffs incorporate by reference each and every allegation of the Complaint as

24 | though set forth in this cause of action.

25 |     57.    This cause of action is brought pursuant to California Welfare & Institutions

26 | Code sections 15600 et seq. (The Elder Abuse and Dependent Adult Protection Act).

27 |     58.    At the time of Defendants' conduct acts in assault and battery, Mr. Afari was 68

28 | years old and, thus, an elder as defined by Welfare & Institutions Code section 15610.27 and is,

1    therefore, entitled to statutory protections from abuse provided by Welfare & Institutions Code

2    section 15657.  Defendants knew Mr. Afari was an elder.

3        59.    By their actions, Defendants are responsible for elder abuse because their

4    treatment of Mr. Afari, as described above, resulted in physical harm and/or pain and/or mental

5    suffering in violation of Welfare & Institutions Code and Mr. Afari is entitled to the remedies

6    provided by the Elder Abuse Act.

7        60.    As a legal result of Defendants' conduct, Mr. Afari has suffered special and

8    general damages, including medical expenses and mental distress, in an amount according to

9    proof at trial.

10        61.    Mr. Afari has incurred, and will continue to incur, attorney's fees and costs in

11    this litigation.  Mr. Afari, if successful in this action, is entitled to recover such fees and costs

12    from Defendant, under the provisions of Welfare and Institutions Code Section 15657.5(a0.

13        62.    In committing the actions and conduct described above, Defendants, and each of

14    them, acted with recklessness, oppression, fraud, and malice, and Mr. Afari therefore is entitled

15    to an award of exemplary or punitive damages pursuant to Welfare and Institutions Code.

16        WHEREFORE, Mr. Afari demands justice as hereafter set forth.

17

18                    **SEVENTH CAUSE OF ACTION**

19                        ***Loss of Consortium***

20                        (Against All Defendants)

21        63.    Plaintiffs incorporate by reference each and every allegation of the Complaint as

22    though set forth in this cause of action.

23        64.    There are four elements to a cause of action for loss of consortium: (1) a valid

24    and lawful marriage between the plaintiff and the person injured at the time of the injury; (2) a

25    tortious injury to the plaintiff's spouse; (3) loss of consortium suffered by the plaintiff; and (4)

26    the loss was proximately caused by the defendants' acts. *Vanhooser v. Superior Court* (2012)

27    206 Cal.Appl.4th 921, 927.

28        65.    Here, at the time of the incident, Mr. Afari was married to Mrs. Afari.

-8-

1    66.    As set forth above, the conduct of Defendants, and each of them, the conduct of

2    Defendants, and each of them, resulted in tortious injury to Mr. Afari.

3    67.    As a result of Defendants' conduct, Mrs. Afari suffered loss of consortium,

4    including loss of support and services, as well as love, companionship, comfort, affection,

5    society, the moral support each spouse gives the other through the triumph and despair of life,

6    and the deprivation of physical assistance in operating and maintaining the family home.

7    WHEREFORE, Mr. Afari demands justice as hereafter set forth.

8

9    **PRAYER FOR RELIEF**

10    WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as

11    follows:

12    (i)    For Plaintiff Mr. Afari, general damages according to proof;

13    (ii)    For special damages according to proof;

14    (iii)    For Plaintiff Mrs. Afari, general damages for loss of consortium, including loss

15    of support and services, as well as love, companionship, comfort, affection,

16    society, the moral support each spouse gives the other through the triumph and

17    despair of life, and the deprivation of physical assistance in operating and

18    marinating the family home, according to proof;

19    (iv)    For Plaintiff Mr. Afari, punitive damages in an amount appropriate to punish the

20    Defendants and deter others from engaging in similar misconduct on appropriate

21    legal causes of action;

22    (v)    For prejudgment interest;

23    (vi)    For attorney's fees and costs of suit; and

24    (vii)    For such other relief as the Court deems just and appropriate.

25    Dated:  May 26, 2021                    VICITI LAW

26

27    By:_____*Ivetta Avanesov*_____

                                        Ivetta Avanesov
28                                      Attorneys for Plaintiffs SAIID AFARI and
                                        SORAYA AFARI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Plaintiffs, SAIID AFARI and SORAYA AFARI, hereby demand trial by jury in the above-entitled matter.

Dated:  May 26, 2021                    VICITI LAW

                                          By: _Ivetta Avanesov_____
                                                Ivetta Avanesov
                                                Attorneys for Plaintiffs SAIID AFARI and
                                                SORAYA AFARI

FIRST AMENDED COMPLAINT

### PROOF OF SERVICE

*AFAR, et al. v. LAHIJANI, et al.*
Los Angeles County Superior Court case No. 21STCV17452

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 9701 Wilshire Boulevard, Suite 1000, Beverly Hills, CA 90212.  On <u>May 26, 2021</u>, I served the following documents:

### FIRST AMENDED COMPLAINT

on the following person(s) by the method(s) indicated below:

| | |
|---|---|
| Sinai Arsalan Lahijani<br>615 N. Doheny Drive<br>Beverly Hills. CA 90210-3526 | Daniel Lahijani<br>8665 Wilshire Boulevard, Suite 101<br>Beverly Hills, CA 90211-2987 |

[ ]    BY ELECTRONIC TRANSMISSION ONLY. Only by emailing the document(s) to the person(s) at the email address(es) listed, based on stipulation agreed to by the parties. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission of the document(s).

[X]    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, for depositing the United States mail at Los Angeles, California addressed as forth herein.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid in the ordinary course of business.

[ ]    by placing the document(s) listed above in a sealed envelope consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth herein. A copy of the consignment slip is attached to this proof of service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.   Executed at Beverly Hills, California on May 26, 2021.

_____
Ivetta Avanesov

Electronically FILED by Superior Court of California, County of Los Angeles on 09/17/2021 12:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

1  Richard E. Haskin, Esq. (CSB # 218796)
   rhaskin@gibbsgiden.com
2  **GIBBS GIDEN LOCHER TURNER
   SENET & WITTBRODT LLP**
3  1880 Century Park East, 12th Floor
   Los Angeles, California 90067-1621
4  (310) 552-3400

5  Attorneys for Defendants/Cross-Complainants
   SINAI ARSALAN LAHIJANI and
6  DANIEL LAHIJAN

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **FOR THE COUNTY LOS ANGELES, SPRING STREET COURTHOUSE**

10

11 SAIID AFARI, an individual, SORAYA          Case No.: 21STCV17452
   AFARI, an individual,
12
                 Plaintiff,
13
       v.
14
   SINAI ARSALAN LAHIJANI, an                  **ANSWER TO COMPLAINT**
15 individual; DANIEL LAHIJANI, an
   individual; and DOES 1 through 30,
16 inclusive,

17               Defendants.

18 _____

19 SINAI ARSALAN LAHIJANI, an
   individual; DANIEL LAHIJANI, an
20 individual; and DOES 1 through 30,
   inclusive,
21
                 Cross-Complainants,
22
       v.
23
   SAIID AFARI, an individual, SORAYA
24 AFARI, an individual,

25               Cross-Defendants.
   _____
26
         COME NOW Defendants/Cross-Complainants SINAI ARSALAN LAHIJANI and
27
   DANIEL LAHIJANI (collectively "Cross-Complainants"), and answer Plaintiffs SAID
28

                                    1
                                 *ANSWER*
   2596667.1

AFARI and SORAYA AFARI's ("Plaintiffs") Complaint, as follows:

## GENERAL DENIAL

1.    Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant denies generally and specifically each and every allegation contained in Plaintiff's Complaint and each and every cause of action set forth therein.

2.    Further, Defendant denies that Plaintiff has sustained, or will sustain, any damage or loss for reason of any act or omission on the part of this answering Defendant, or any damage or loss at all.

3.    Finally, these answering Defendant denies that Plaintiff is entitled to the relief sought against this answering Defendant or to any relief whatsoever from these Defendants.

## AFFIRMATIVE DEFENSES

The following separate affirmative defenses are alleged to the Complaint and to each cause of action thereof:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.    The Complaint, and each purported cause of action thereof, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Estoppel)

2.     Because of the actions and inactions of Plaintiffs, and reliance thereon by this answering Defendants, Plaintiffs are estopped from asserting the alleged claims set forth in the Complaint against this answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

3.    Theses answering Defendant allege that because of Plaintiffs' misconduct in connection with the events which are the subject of this lawsuit, Plaintiffs come into this Court with unclean hands, and therefore, should be denied any relief whatsoever.

///

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

4.     These answering Defendants are informed and believe and thereon allege that the Plaintiffs' damages, if any, are the result, in whole or in part, of Plaintiffs' failures to exercise reasonable care to reduce or mitigate its damages.

### FIFTH AFFIRMATIVE DEFENSE

#### (Legally Excused)

5.     These answering Defendants allege, without admitting to the existence of any duties or obligations alleged in the Complaint, that their conduct was excused by Plaintiffs' conduct.

### SIXTH AFFIRMATIVE DEFENSE

#### (Justification)

6.     These answering Defendants allege, without admitting to the existence of any acts or omissions alleged in the Complaint, that their conduct was justified under the circumstances because their conduct conformed with rights.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Self-Defense)

7.     These answering Defendants allege, without admitting the existence of the acts alleged in the Complaint, that their conduct was justified as self-defense under the circumstances.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Reasonable Force )

8.     These answering Defendants allege, without admitting the existence of the acts alleged in the Complaint, that their conduct was a permissible use of reasonable force to defend themselves against Plaintiffs.

2596667.1

## NINTH AFFIRMATIVE DEFENSE

### (Emergency/Necessity)

9.      These answering Defendants allege, without admitting the existence of the acts alleged in the Complaint, that their conduct was justified given the emergency instigated by Plaintiffs own assault and battery.

## TENTH AFFIRMATIVE DEFENSE

### (Defense of a Third Person)

10.      These answering Defendants allege, without admitting the existence of the acts alleged in the Complaint, that their conduct was justified self-defense of a third person against Plaintiffs' conduct.

**WHEREFORE**, Defendants pray for relief from this Court as follows:

1.      That judgment be entered in favor of Defendants and against Plaintiff, and that Plaintiff take nothing by way of its Complaint;

2.      That Defendant be awarded its reasonable attorneys' fees;

3.      That Defendant be awarded its costs;

4.      For such other relief as this Court may deem just and proper.

DATED:  September 17, 2020       GIBBS GIDEN LOCHER TURNER
                                 SENET & WITTBRODT LLP


By: _____
    Richard E. Haskin
    Attorneys for Defendants/Cross-Complainants,
    SINAI ARSALAN LAHIJANI and DANIEL
    LAHIJANI

**PROOF OF SERVICE**
*Saiid Afari vs Sinai Arsalan Lahijani, et al.*
**Case No. 21STCV17452**

I, Martin Vasquez, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Gibbs Giden Locher Turner Senet & Wittbrodt LLP, 1880 Century Park East, 12th Floor, Los Angeles, California 90067-1621.  On September 17, 2021, I served the document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action as follows:

☒ By placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☒    BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 1880 Century Park East, 12th Floor, Los Angeles, California 90067-1621.  with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm.  Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Gibbs Giden Locher Turner Senet & Wittbrodt LLP, 1880 Century Park East, 12th Floor, Los Angeles, California 90067-1621.

☐    OVERNIGHT DELIVERY:   I deposited such envelope in a facility regularly maintained by ☐ FEDEX   ☐ UPS  ☐ Overnight Delivery [specify name of service: with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDEX ☐ UPS ☐ OVERNIGHT DELIVERY   [specify name of service:    ] authorized to receive documents at Gibbs Giden Locher Turner Senet & Wittbrodt LLP, 1880 Century Park East, 12th Floor, Los Angeles, California 90067-1621. with delivery fees fully provided for.

☐    BY FACSIMILE:  I sent via facsimile a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐    BY E-MAIL:  I sent the document described above to the list of e-mail addresses as indicated on the attached Service List.

☒    [State]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    [Federal]    I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 17, 2021, at Los Angeles, California.

_____
Martin Vasquez

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

2508345.1

**SERVICE LIST**
***Saiid Afari vs Sinai Arsalan Lahijani, et al.***
**Case No. 21STCV17452**

IVETTA AVANESOV
VICITI LAW
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

Attorneys for Plaintiffs
**SAIID AFARI** and **SORAYA AFARI**

Telephone: (310) 740-9469
Facsimile: (310) 388-1315
Email: *ivetta@vicitilaw.com*

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2508345.1

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  21STCV17452
SAIID AFARI VS SINAI ARSALAN LAHIJANI, ET AL.

**Filing Courthouse:**  Spring Street Courthouse

**Filing Date:**  05/10/2021
**Case Type:**  Other Personal Injury/Property Damage/Wrongful Death (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**05/19/2023** at 08:30 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Status Conference Re: Bankruptcy

**05/19/2023** at 08:30 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Trial Setting Conference

**05/06/2024** at 08:30 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Order to Show Cause Re: Dismissal

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

AFARI SAIID - Plaintiff

AFARI SAIID - Cross-Defendant

AFARI SORAYA - Cross-Defendant

AFARI SORAYA - Plaintiff

AVANESOV IVETTA - Attorney for Plaintiff

HASKIN RICHARD - Attorney for Defendant

LAHIJANI DANIEL - Defendant

LAHIJANI SINAI ARSALAN - Cross-Complainant

LAHIJANI SINAI ARSALAN - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

## Documents Filed (Filing dates listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

09/14/2022

**02/28/2023** Minute Order ( (Jury Trial))
Filed by Clerk

**02/27/2023** Notice (Notice of Bankrupcty Filing and Automatic Stay as to Defendant Daniel Lahijani)
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**02/27/2023** Notice (Notice of Bankrupcty Filing and Automatic Stay as to Defendant Daniel Lahijani)
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**02/24/2023** Notice (OF ORDER DENYING EX PARTE MOTION TO CONINTINUE TRIAL)
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**02/24/2023** Minute Order ( (Final Status Conference))
Filed by Clerk

**02/23/2023** Exhibit List (Amended Joint Exhibit List)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**02/23/2023** Jury Instructions (Joint Jury Instructions)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**02/22/2023** Minute Order ( (Final Status Conference; Hearing on Ex Parte Application to C...))
Filed by Clerk

**02/21/2023** Opposition (TO DEFENDANTS? EX PARTE APPLICATION TO CONTINUE TRIAL; DECLARATION OF IVETTA
AVANESOV)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**02/21/2023** Ex Parte Application (to Continue Trial)
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**02/14/2023** Stipulation and Order (JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE FINAL STATUS
CONFERENCE)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**02/14/2023** Minute Order ( (Final Status Conference))
Filed by Clerk

**02/09/2023** Joint Of Requested Caci Jury Instructions
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**01/25/2023** Motion in Limine (TO LIMIT EXPERT TESTIMONY OF DEFENDANTS? EXPERTS TO THOSE OPINIONS AND
CONCLUSIONS TESTIFIED TO AT DEPOSITION AND TO EXCLUDE TESTIMONY BASED UPON MATERIALS NOT
REVIEWED OR PROVIDED AT DEPOSITIONS, AND TO PERMIT PLAINTIFF?S EXPERTS TO TESTIFY IN
ACCORDANCE)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**01/10/2023** Minute Order ( (Final Status Conference; Order to Show Cause Re: why sanction...))
Filed by Clerk

**01/10/2023** Order ([proposed] Order to Continue Trial and Final Status Conference)
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**01/10/2023** Stipulation and Order (Stipulation to Continue Trial And Final Status Conference)
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**01/03/2023** Minute Order ( (Final Status Conference))
Filed by Clerk

**11/22/2022** Notice of Change of Address or Other Contact Information
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**11/08/2022** Minute Order ( (Hearing on Ex Parte Application To Continue Trial))
Filed by Clerk

**11/07/2022** Opposition (TO DEFENDANTS? EX PARTE APPLICATION TO CONTINUE TRIAL; DECLARATION OF IVETTA
AVANESOV)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**11/07/2022** Minute Order ( (Final Status Conference))
Filed by Clerk

**11/07/2022** Ex Parte Application (to Continue Trial)
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**11/04/2022** Defendant's List Of Requested Caci Jury Instructions
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**11/03/2022** Plaintiff's Supplemental List Of Requested Caci Jury Instructions
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**11/03/2022** Plaintiff's Jury Instructions
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/25/2022** Certificate of Mailing for ((Hearing on Motion to Compel Further Discovery Responses) of 10/25/2022)
Filed by Clerk

**10/25/2022** Minute Order ( (Hearing on Motion to Compel Further Discovery Responses))
Filed by Clerk

**10/24/2022** Declaration re: Due Diligence
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**10/24/2022** Declaration re: Due Diligence
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**10/24/2022** Declaration re: Due Diligence
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**10/24/2022** Minute Order ( (Final Status Conference))
Filed by Clerk

**10/21/2022** Joint Statement Of The Case To Be Read To The Jury
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/21/2022** Joint Witness List
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/21/2022** Joint Exhibit List
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine (#4 FOR ORDER TO EXCLUDE ANY MENTION OF DEFENDANT SINAI ARSALAN
LAHIJANI?S DIVORCE PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IVETTA
AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine (#1 FOR ORDER PRECLUDING INTRODUCTION OR REFERENCE TO EVIDENCE NOT
PRODUCED OR IDENTIFIED IN RESPONSES TO DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF IVETTA AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine (#2 FOR ORDER EXCLUDING EVIDENCE OF SURVEILLANCE VIDEO FOOTAGE OR
PHOTOGRAPHS PRE-TRIAL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IVETTA
AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine (#3 FOR ORDER TO EXCLUDE ANY MENTION OF PLAINTIFF SAIID AFARI?S PRIOR
AND/OR CURRENT NON-PERSONAL INJURY LAWSUITS; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF IVETTA AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON Trial Date: November
7,)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine (#5 FOR ORDER TO EXCLUDE ARGUMENTS REGARDING MITIGATING DAMAGES BY
AVOIDING MEDICAL TREATMENT ON LIEN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF
IVETTA AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   09/14/2022

**09/14/2022** Stipulation and Order (to Continue Hearing on Motion to Compel Further Responses)
Filed by Saiid Afari (Cross-Defendant)

**09/14/2022** Reply (TO DEFENDANTS? OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES PLAINTIFFS?
SAIID AFARI AND SORAYA AFARI?S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**09/09/2022** Opposition (DEFENDANTS' OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL
INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS; DECLARATION OF RICHARD E.
HASKIN IN SUPPORT THEREOF)
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**08/30/2022** Declaration (DECLARATION OF IVETTA AVANESOV IN SUPPORT OF PLAINTIFFS? MOTION TO COMPEL
FURTHER RESPONSES)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**08/30/2022** Separate Statement
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**08/30/2022** Motion to Compel Further Discovery Responses (PLAINTIFFS? SAIID AFARI AND SORAYA AFARI?S SPECIAL
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**08/08/2022** Notice of Posting of Jury Fees
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**03/21/2022** Answer
Filed by Saiid Afari (Cross-Defendant); Soraya Afari (Cross-Defendant)

**09/17/2021** Answer
Filed by Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**09/17/2021** Cross-Complaint
Filed by Sinai Arsalan Lahijani (Defendant)

**07/22/2021** Notice and Acknowledgment of Receipt
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**06/08/2021** Summons (on First Amended Complaint)
Filed by Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**06/01/2021** Certificate of Mailing for ([PI General Order])
Filed by Clerk

**06/01/2021** PI General Order
Filed by Clerk

**05/26/2021** Amended Complaint ( (1st))
Filed by Saiid Afari (Plaintiff); Soraya Afari (Plaintiff)

**05/24/2021** Proof of Service by Substituted Service
Filed by Saiid Afari (Plaintiff)

**05/17/2021** Proof of Service by Substituted Service
Filed by Saiid Afari (Plaintiff)

**05/10/2021** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/10/2021** Summons (on Complaint)
Filed by Saiid Afari (Plaintiff)

**05/10/2021** Civil Case Cover Sheet
Filed by Saiid Afari (Plaintiff)

**05/10/2021** Complaint
Filed by Saiid Afari (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   09/14/2022

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**03/02/2023** at 1:30 PM in Department 29
Hearing on Motion to Compel Further Discovery Responses - **Not Held - Advanced and Vacated**

**02/28/2023** at 08:30 AM in Department 29, Serena R. Murillo, Presiding
Jury Trial - **Not Held - Taken Off Calendar by Court**

**02/24/2023** at 10:00 AM in Department 29, Susan J. Matcham, Presiding
Final Status Conference - **Held - Continued**

**02/22/2023** at 10:00 AM in Department 29, Charles C. Lee, Presiding
Final Status Conference - **Held - Continued**

**02/22/2023** at 08:30 AM in Department 29
Hearing on Ex Parte Application (to Continue Trial) - **Held - Motion Denied**

**02/21/2023** at 10:00 AM in Department 29
Final Status Conference - **Not Held - Continued - Stipulation**

**02/14/2023** at 10:00 AM in Department 29, Susan J. Matcham, Presiding
Final Status Conference - **Held - Continued**

**01/13/2023** at 08:30 AM in Department 29
Jury Trial - **Not Held - Continued - Stipulation**

**01/10/2023** at 10:00 AM in Department 29
Order to Show Cause Re: (why sanctions should not be imposed against both counsel for failure to submit trial readiness documents pursuant to 8th Amended Standing Order) - **Held - Continued**

**01/10/2023** at 10:00 AM in Department 29, Rolf M. Treu, Presiding
Final Status Conference - **Not Held - Continued - Stipulation**

**01/03/2023** at 10:00 AM in Department 29, Rolf M. Treu, Presiding

Final Status Conference - **Held - Continued**

**12/19/2022** at 1:30 PM in Department 29

Hearing on Motion to Deem Request for Admissions Admitted

**11/21/2022** at 08:30 AM in Department 29

Jury Trial - **Not Held - Continued - Party's Motion**

**11/14/2022** at 10:00 AM in Department 29

Final Status Conference - **Not Held - Continued - Party's Motion**

**11/08/2022** at 08:30 AM in Department 29, Michael E. Whitaker, Presiding

Hearing on Ex Parte Application (to Continue Trial) - **Held - Motion Granted**

**11/07/2022** at 10:00 AM in Department 29, Daniel M. Crowley, Presiding

Final Status Conference - **Held - Continued**

**11/07/2022** at 08:30 AM in Department 29

Non-Jury Trial - **Held - Continued**

**10/25/2022** at 1:30 PM in Department 29, Mark E. Windham, Presiding

Hearing on Motion to Compel Further Discovery Responses - **Held - Continued**

**10/24/2022** at 10:00 AM in Department 29, Mark E. Windham, Presiding

Final Status Conference - **Held - Continued**

**10/13/2022** at 1:30 PM in Department 29

Hearing on Motion to Compel Discovery (not "Further Discovery")

**09/22/2022** at 1:30 PM in Department 29

Hearing on Motion to Compel Further Discovery Responses - **Not Held - Continued - Stipulation**

**09/20/2022** at 1:30 PM in Department 29

Hearing on Motion to Compel Further Discovery Responses - **Not Held - Rescheduled by Party**

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

**02/28/2023** Status Conference Re: Bankruptcy scheduled for 05/19/2023 at 08:30 AM in Spring Street Courthouse at
Department 29

**02/28/2023** Trial Setting Conference scheduled for 05/19/2023 at 08:30 AM in Spring Street Courthouse at Department 29

**02/28/2023** The case is placed in special status of: Stay - Bankruptcy

**02/28/2023** Minute Order (Jury Trial)

**02/28/2023** Jury Trial scheduled for 02/28/2023 at 08:30 AM in Spring Street Courthouse at Department 29 Not Held - Taken
Off Calendar by Court on 02/28/2023

**02/27/2023** Notice Notice of Bankrupcty Filing and Automatic Stay as to Defendant Daniel Lahijani; Filed by: Sinai Arsalan
Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff)

**02/27/2023** Notice Notice of Bankrupcty Filing and Automatic Stay as to Defendant Daniel Lahijani; Filed by: Sinai Arsalan
Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff)

**02/24/2023** Minute Order (Final Status Conference)

**02/24/2023** Final Status Conference scheduled for 02/24/2023 at 10:00 AM in Spring Street Courthouse at Department 29
updated: Result Date to 02/24/2023; Result Type to Held - Continued

**02/24/2023** Notice OF ORDER DENYING EX PARTE MOTION TO CONINTINUE TRIAL; Filed by: Sinai Arsalan Lahijani

(Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**02/23/2023** Jury Instructions Joint Jury Instructions; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**02/23/2023** Exhibit List Amended Joint Exhibit List; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**02/22/2023** Updated -- Ex Parte Application to Continue Trial: Filed By: Sinai Arsalan Lahijani (Defendant),Daniel Lahijani (Defendant); Result: Denied ; Result Date: 02/22/2023

**02/22/2023** Minute Order (Final Status Conference; Hearing on Ex Parte Application to C...)

**02/22/2023** Final Status Conference scheduled for 02/22/2023 at 10:00 AM in Spring Street Courthouse at Department 29 Held - Continued was rescheduled to 02/24/2023 10:00 AM

**02/22/2023** Hearing on Ex Parte Application to Continue Trial scheduled for 02/22/2023 at 08:30 AM in Spring Street Courthouse at Department 29 updated: Result Date to 02/22/2023; Result Type to Held - Motion Denied

**02/21/2023** Ex Parte Application to Continue Trial; Filed by: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**02/21/2023** Hearing on Ex Parte Application to Continue Trial scheduled for 02/22/2023 at 08:30 AM in Spring Street Courthouse at Department 29

**02/21/2023** Opposition TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE TRIAL; DECLARATION OF IVETTA AVANESOV; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**02/15/2023** Pursuant to written stipulation, Final Status Conference scheduled for 02/21/2023 at 10:00 AM in Spring Street Courthouse at Department 29 Not Held - Continued - Stipulation was rescheduled to 02/22/2023 10:00 AM

**02/14/2023** Final Status Conference scheduled for 02/21/2023 at 10:00 AM in Spring Street Courthouse at Department 29

**02/14/2023** Minute Order (Final Status Conference)

**02/14/2023** On the Court's own motion, Final Status Conference scheduled for 02/14/2023 at 10:00 AM in Spring Street Courthouse at Department 29 Held - Continued was rescheduled to 02/21/2023 10:00 AM

**02/14/2023** Stipulation and Order JOINT STIPULATION AND [PROPOSED] ORDER TO CONTINUE FINAL STATUS CONFERENCE; Signed and Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff); As to: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**02/09/2023** Joint Of Requested Caci Jury Instructions; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**01/25/2023** Motion in Limine TO LIMIT EXPERT TESTIMONY OF DEFENDANTS' EXPERTS TO THOSE OPINIONS AND CONCLUSIONS TESTIFIED TO AT DEPOSITION, AND TO EXCLUDE TESTIMONY BASED UPON MATERIALS NOT REVIEWED OR PROVIDED AT DEPOSITIONS, AND TO PERMIT PLAINTIFF'S EXPERTS TO TESTIFY IN ACCORDANCE; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**01/10/2023** Final Status Conference scheduled for 02/14/2023 at 10:00 AM in Spring Street Courthouse at Department 29

**01/10/2023** Jury Trial scheduled for 02/28/2023 at 08:30 AM in Spring Street Courthouse at Department 29

**01/10/2023** Order [proposed] Order to Continue Trial and Final Status Conference; Signed and Filed by: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Saiid Afari (Plaintiff)

**01/10/2023** Stipulation and Order Stipulation to Continue Trial And Final Status Conference; Filed by: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**01/10/2023** Minute Order (Final Status Conference; Order to Show Cause Re: why sanction...)

**01/10/2023** Pursuant to written stipulation, Final Status Conference scheduled for 01/10/2023 at 10:00 AM in Spring Street Courthouse at Department 29 Not Held - Continued - Stipulation was rescheduled to 02/14/2023 10:00 AM

**01/10/2023** Order to Show Cause Re: why sanctions should not be imposed against both counsel for failure to submit trial readiness documents pursuant to 8th Amended Standing Order scheduled for 01/10/2023 at 10:00 AM in Spring Street Courthouse at Department 29 updated: Result Date to 01/10/2023; Result Type to Held - Continued

**01/10/2023** Pursuant to written stipulation, Jury Trial scheduled for 01/13/2023 at 08:30 AM in Spring Street Courthouse at Department 29 Not Held - Continued - Stipulation was rescheduled to 02/28/2023 08:30 AM

**01/10/2023** Pursuant to the request of moving party, Hearing on Motion to Compel Further Discovery Responses scheduled for 03/02/2023 at 01:30 PM in Spring Street Courthouse at Department 29 Not Held - Advanced and Vacated on 01/10/2023

**01/03/2023** Final Status Conference scheduled for 01/10/2023 at 10:00 AM in Spring Street Courthouse at Department 29

**01/03/2023** Order to Show Cause Re: why sanctions should not be imposed against both counsel for failure to submit trial readiness documents pursuant to 8th Amended Standing Order scheduled for 01/10/2023 at 10:00 AM in Spring Street Courthouse at Department 29

**01/03/2023** Minute Order (Final Status Conference)

**01/03/2023** On the Court's own motion, Final Status Conference scheduled for 01/03/2023 at 10:00 AM in Spring Street Courthouse at Department 29 Held - Continued was rescheduled to 01/10/2023 10:00 AM

**11/22/2022** Notice of Change of Address or Other Contact Information; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**11/22/2022** Address for Soraya Afari (Plaintiff) updated

**11/08/2022** Updated -- Ex Parte Application to Continue Trial: Filed By: Daniel Lahijani (Defendant),Sinai Arsalan Lahijani (Defendant); Result: Granted; Result Date: 11/08/2022

**11/08/2022** Jury Trial scheduled for 01/13/2023 at 08:30 AM in Spring Street Courthouse at Department 29

**11/08/2022** Final Status Conference scheduled for 01/03/2023 at 10:00 AM in Spring Street Courthouse at Department 29

**11/08/2022** Minute Order (Hearing on Ex Parte Application to Continue Trial)

**11/08/2022** Hearing on Ex Parte Application to Continue Trial scheduled for 11/08/2022 at 08:30 AM in Spring Street Courthouse at Department 29 updated: Result Date to 11/08/2022; Result Type to Held - Motion Granted

**11/08/2022** Pursuant to the request of moving party, Jury Trial scheduled for 11/21/2022 at 08:30 AM in Spring Street Courthouse at Department 29 Not Held - Continued - Party's Motion was rescheduled to 01/13/2023 08:30 AM

**11/08/2022** Pursuant to the request of moving party, Final Status Conference scheduled for 11/14/2022 at 10:00 AM in Spring Street Courthouse at Department 29 Not Held - Continued - Party's Motion was rescheduled to 01/03/2023 10:00 AM

**11/07/2022** Ex Parte Application to Continue Trial; Filed by: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**11/07/2022** Hearing on Ex Parte Application to Continue Trial scheduled for 11/08/2022 at 08:30 AM in Spring Street Courthouse at Department 29

**11/07/2022** Opposition TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE TRIAL; DECLARATION OF IVETTA AVANESOV; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**11/07/2022** Final Status Conference scheduled for 11/14/2022 at 10:00 AM in Spring Street Courthouse at Department 29

**11/07/2022** Minute Order (Final Status Conference)

**11/07/2022** On the Court's own motion, Final Status Conference scheduled for 11/07/2022 at 10:00 AM in Spring Street Courthouse at Department 29 Held - Continued was rescheduled to 11/14/2022 10:00 AM

**11/04/2022** Defendant's List Of Requested Caci Jury Instructions; Filed by: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**11/03/2022** Plaintiff's Jury Instructions; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**11/03/2022** Plaintiff's Supplemental List Of Requested Caci Jury Instructions; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/25/2022** Minute Order (Hearing on Motion to Compel Further Discovery Responses)

**10/25/2022** Certificate of Mailing for (Hearing on Motion to Compel Further Discovery Responses) of 10/25/2022; Filed by: Clerk

**10/25/2022** Hearing on Motion to Compel Further Discovery Responses scheduled for 10/25/2022 at 01:30 PM in Spring Street Courthouse at Department 29 Held - Continued was rescheduled to 03/02/2023 01:30 PM

**10/24/2022** Final Status Conference scheduled for 11/07/2022 at 10:00 AM in Spring Street Courthouse at Department 29

**10/24/2022** Non-Jury Trial scheduled for 11/21/2022 at 08:30 AM in Spring Street Courthouse at Department 29

**10/24/2022** Declaration re: Due Diligence; Filed by: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/24/2022** Declaration re: Due Diligence; Filed by: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/24/2022** Declaration re: Due Diligence; Filed by: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/24/2022** Minute Order (Final Status Conference)

**10/24/2022** Pursuant to oral stipulation, Final Status Conference scheduled for 10/24/2022 at 10:00 AM in Spring Street Courthouse at Department 29 Held - Continued was rescheduled to 11/07/2022 10:00 AM

**10/24/2022** Pursuant to oral stipulation, Non-Jury Trial scheduled for 11/07/2022 at 08:30 AM in Spring Street Courthouse at Department 29 Held - Continued was rescheduled to 11/21/2022 08:30 AM

**10/24/2022** Updated -- Event scheduled for 11/21/2022 at 08:30 AM in Spring Street Courthouse at Department 29 Type changed from Non-Jury Trial to Jury Trial

**10/21/2022** Joint Exhibit List; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/21/2022** Joint Witness List; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/21/2022** Joint Statement Of The Case To Be Read To The Jury; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine #5 FOR ORDER TO EXCLUDE ARGUMENTS REGARDING MITIGATING DAMAGES BY AVOIDING MEDICAL TREATMENT ON LIEN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IVETTA AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine #3 FOR ORDER TO EXCLUDE ANY MENTION OF PLAINTIFF SAIID AFARI'S PRIOR AND/OR CURRENT NON-PERSONAL INJURY LAWSUITS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IVETTA AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON Trial Date: November 7,; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine #2 FOR ORDER EXCLUDING EVIDENCE OF SURVEILLANCE VIDEO FOOTAGE OR PHOTOGRAPHS PRE-TRIAL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IVETTA AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine #1 FOR ORDER PRECLUDING INTRODUCTION OR REFERENCE TO EVIDENCE NOT PRODUCED OR IDENTIFIED IN RESPONSES TO DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IVETTA AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**10/18/2022** Motion in Limine #4 FOR ORDER TO EXCLUDE ANY MENTION OF DEFENDANT SINAI ARSALAN LAHIJANI'S DIVORCE PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF IVETTA AVANESOV IN SUPPORT THEREOF; [PROPOSED] ORDER THEREON; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**09/16/2022** Pursuant to written stipulation, Hearing on Motion to Compel Further Discovery Responses scheduled for 09/22/2022 at 01:30 PM in Spring Street Courthouse at Department 29 Not Held - Continued - Stipulation was rescheduled to 10/25/2022 01:30 PM

**09/14/2022** Reply TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES PLAINTIFFS' SAIID AFARI AND SORAYA AFARI'S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF

DOCUMENTS TO DEFENDANTS; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**09/14/2022** Stipulation and Order to Continue Hearing on Motion to Compel Further Responses; Filed by: Saiid Afari (Cross-Defendant); As to: Sinai Arsalan Lahijani (Cross-Complainant); Saiid Afari (Cross-Defendant); Soraya Afari (Cross-Defendant)

**09/09/2022** Opposition DEFENDANTS' OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS; DECLARATION OF RICHARD E. HASKIN IN SUPPORT THEREOF; Filed by: Sinai Arsalan Lahijani (Defendant), Daniel Lahijani (Defendant)

**08/31/2022** Updated -- Motion to Compel Further Discovery Responses PLAINTIFFS' SAIID AFARI AND SORAYA AFARI'S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS: Name Extension: PLAINTIFFS' SAIID AFARI AND SORAYA AFARI'S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; As To Parties changed from Daniel Lahijani (Defendant), Sinai Arsalan Lahijani (Defendant) to Daniel Lahijani (Defendant), Sinai Arsalan Lahijani (Defendant)

**08/31/2022** Hearing on Motion to Compel Further Discovery Responses scheduled for 09/22/2022 at 01:30 PM in Spring Street Courthouse at Department 29

**08/30/2022** Motion to Compel Further Discovery Responses; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff); As to: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**08/30/2022** Separate Statement; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**08/30/2022** Declaration DECLARATION OF IVETTA AVANESOV IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**08/29/2022** Pursuant to the request of moving party, Hearing on Motion to Compel Further Discovery Responses scheduled for 09/20/2022 at 01:30 PM in Spring Street Courthouse at Department 29 Not Held - Rescheduled by Party was rescheduled to 09/22/2022 01:30 PM

**08/08/2022** Notice of Posting of Jury Fees; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**03/21/2022** Answer; Filed by: Saiid Afari (Cross-Defendant); Soraya Afari (Cross-Defendant); As to: Sinai Arsalan Lahijani (Cross-Complainant)

**09/20/2021** Updated -- Richard Haskin (Attorney): Middle Name: blank

**09/17/2021** Cross-Complaint; Filed by: Sinai Arsalan Lahijani (Defendant); As to: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**09/17/2021** Answer; Filed by: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant); As to: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff)

**07/27/2021** Updated -- Notice and Acknowledgment of Receipt: As To Parties changed from Sinai Arsalan Lahijani (Defendant) to Sinai Arsalan Lahijani (Defendant), Daniel Lahijani (Defendant)

**07/22/2021** Notice and Acknowledgment of Receipt; Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff); As to: Sinai Arsalan Lahijani (Defendant)

**06/08/2021** Summons on First Amended Complaint; Issued and Filed by: Soraya Afari (Plaintiff); Saiid Afari (Plaintiff); As to: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**06/01/2021** PI General Order; Filed by: Clerk

**06/01/2021** Certificate of Mailing for [PI General Order]; Filed by: Clerk

**05/26/2021** Amended Complaint (1st); Filed by: Saiid Afari (Plaintiff); Soraya Afari (Plaintiff); As to: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**05/24/2021** Proof of Service by Substituted Service; Filed by: Saiid Afari (Plaintiff); As to: Daniel Lahijani (Defendant); Proof of Mailing Date: 05/24/2021; Service Cost: 60.47; Service Cost Waived: No

**05/17/2021** Proof of Service by Substituted Service; Filed by: Saiid Afari (Plaintiff); As to: Sinai Arsalan Lahijani (Defendant); Proof of Mailing Date: 05/17/2021; Service Cost: 60.47; Service Cost Waived: No

**05/10/2021** Final Status Conference scheduled for 10/24/2022 at 10:00 AM in Spring Street Courthouse at Department 29

**05/10/2021** Non-Jury Trial scheduled for 11/07/2022 at 08:30 AM in Spring Street Courthouse at Department 29

**05/10/2021** Order to Show Cause Re: Dismissal scheduled for 05/06/2024 at 08:30 AM in Spring Street Courthouse at Department 29

**05/10/2021** Complaint; Filed by: Saiid Afari (Plaintiff); As to: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**05/10/2021** Civil Case Cover Sheet; Filed by: Saiid Afari (Plaintiff); As to: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**05/10/2021** Summons on Complaint; Issued and Filed by: Saiid Afari (Plaintiff); As to: Sinai Arsalan Lahijani (Defendant); Daniel Lahijani (Defendant)

**05/10/2021** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**05/10/2021** Case assigned to Hon. Serena R. Murillo in Department 29 Spring Street Courthouse

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **ADVERSARY COMPLAINT FOR NON-DISCHARGEABILITY OF DEBTOR UNDER SECTION 523(a)(6) FOR WILLFUL AND MALICIOUS INJURY**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _ ___5/26/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**Michael Jay Berger**    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Elissa Miller (TR)**    CA71@ecfcbis.com,
MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
**Christopher E Ng**    cng@gglts.com
**Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
**Matthew D. Resnik**    Matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __5/26/2023 ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __5/26/2023____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Ernest M. Robles
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/26/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                           **F 9013-3.1.PROOF.SERVICE**

2. **<u>SERVED BY UNITED STATES MAIL</u>**:

Sinai Arsalan Lahijani
615 N. Doheny Dr.
Beverly Hills, CA 90210

Debtor's Counsel
Attn: Giovanni Orantes
3435 Wilshire Blvd., Ste 2920
Los Angeles, CA 90010

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                           **F 9013-3.1.PROOF.SERVICE**